```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       EASTERN DIVISION
_____

SANDRA REESE,                    ₡
                                 ₡
        Plaintiff,               ₡
                                 ₡
vs.                              ₡      No. 08-1179-JDB
                                 ₡
DUNKIN' BRANDS, INC.,            ₡
                                 ₡
        Defendant.               ₡
                                 ₡
_____

            ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
                        ORDER OF DISMISSAL
                              AND
            ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____
```

On July 28, 2008, Plaintiff Sandra Reese, a resident of Jackson, Tennessee, filed a pro se complaint against Defendant, Dunkin' Brands, Inc., pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., alleging sexual harassment, discrimination, and wrongful termination. (Docket Entry ("D.E.") 1.) On November 6, 2008, the Court entered an order in which it liberally construed Plaintiff's complaint to assert a claim against Defendant. (D.E. 4.) On December 23, 2008, Dunkin' Brands, Inc. filed a motion to dismiss, which the Court construed as a motion for summary judgment, under Rule 56, Federal Rules of Civil Procedure, asserting that it is not Plaintiff's employer, but merely a franchisor, and cannot be liable for employment-related acts. (D.E. 7.) On May 14, 2009, the Court entered an order directing Reese to respond to the motion for summary judgment and to show cause why summary judgment should not be granted. (D.E. 9.) Plaintiff was advised that "failure to time comply with this

order will result in the Court deciding the motion for summary judgment on the present record". (Id.)  Plaintiff has not filed a response to the motion for summary judgment or the Court's May 14, 2009 order[1], and the time for a response has expired.

Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the United States Supreme Court has explained:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (citation omitted).

---

[1] The Court's task in evaluating Defendant's motion for summary judgment is complicated by Plaintiff's failure to comply with Local Rule 7.2(d)(3), which provides,

> the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied pursuant to subsection (2) above shall respond to the proponent's numbered designations, using the corresponding serial numbering, both in the response and by affixing to the response copies of the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

Under Fed. R. Civ. P. 56(e)(2), "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."  In considering a motion for summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).[2]

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also id. at 252 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the

---

2   Rule 56(e)(1) sets forth in detail the evidentiary requirements applicable to a summary judgment motion:

> A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

plaintiff is entitled to a verdict[.]"); Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (footnote omitted). The Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Moreover, Fed. R. Civ. P. 56(f) provides as follows:

> If a party when opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

"Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000); see also Good v. Ohio Edison Co., 149 F.3d 413, 422 (6th Cir. 1998); Plott v. General Motors Corp., 71 F.3d 1190, 1196-97 (6th Cir. 1995).

Defendant provided the sworn declaration of Jack Laudermilk, Associate General Counsel for Dunkin' Brands, Inc, to provide background factual information about the relationship of the Dunkin' Donuts store in Jackson, Tennessee where Plaintiff was employed and Dunkin' Brands, Inc.  (See D.E. 7-2.) Defendant asserts that it is "engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States".  (Id. at 2.)  The franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' Donuts and to operate under the Dunkin' Donuts system. (Id.)  Each Dunkin' Donuts shop is independently owned and operated by individual franchisees, and Defendant has no right to exercise control of the day-to-day operations of a franchised shop. (Id.)  Dunkin' Brands, Inc. has no control over any aspect of "hiring, firing, scheduling, supervising, paying, and otherwise directing and dealing with employees in the performance of their job duties".  (Id.)  These actions and responsibilities are within the sole discretion of the franchisee.  (Id.)

Defendant asserts that the Jackson, Tennessee Dunkin' Donuts shop at issue in this case is owned by Robert H. Kilburn, Janice W. Kilburn, and J. Woody Forbes, who are solely responsible for the day-to-day operations including, but not limited to, the hiring, supervision and firing of all employees. (Id. at 2-3.)  At no time has Defendant held an ownership interest in this Dunkin' Donuts facility.  (Id. at 3.)  Pursuant to the franchise agreement, the

franchisees are independent contractors, not agents of Defendant. (Id.)

Dunkin' Brands, Inc. argues that it was never Plaintiff's employer, and the existence of the franchisor-franchisee relationship alone is not sufficient to establish vicarious liability. (D.E. 7-3 at 3.) Defendant relies on the decisions of Neff v. American Dairy Queen Corp., 58 F.3d 1063, 1066 (5th Cir. 1995), Papa John's Int'l, Inc. v. McCoy, 244 S.W.3d 44 (Ky. 2008), Kerl v. Dennis Rasmussen, Inc., 682 N.W.2d 328, 338 (Wis. 2004), McGuire v. Radisson Hotels Int'l Inc., 435 S.E.2d 51 (Ga. Ct. App. 1993, and Goldberg v. Casanave, 513 So. 2d 751 (Fla. Dist. Ct. App. 1987), for the proposition that a franchisor may be vicariously liable for its franchisee's actions only if it controls or has the right to control the day-to-day operations of the specific aspect of the franchisee's business that is alleged to have caused the harm. (Id. at 4.) Defendant also cites to a ruling by a federal district court sitting in New York which held that Dunkin' Donuts, Inc. was not liable for sexual assault on a franchisee's employee because it did not have sufficient control over the security aspect of the franchisee's business. (Id. at 4-5.) See Wu v. Dunkin' Donuts, Inc., 105 F. Supp. 2d 83, 87 (E.D.N.Y. 2000). Likewise, Defendant argues that it does not have such a duty to Plaintiff, an employee of its franchisee. (Id. at 6.)

The Sixth Circuit has adopted a four-part test for determining when parent companies may be considered employers of a subsidiary's employees. Baetzel v. Homes Instead Senior Care, 370 F.Supp.2d

631, 639 (N.D. Ohio 2005)(citing Radio Union v. Broadcast Service, 380 U.S. 255 (1965).  Two entities will be treated as a single employer where a court finds: (1) interrelation of operations, (2) common management, (3) centralized control over labor relations, and (4) common ownership or financial control.  See Armbruster v. Quinn, 711 F.2d 1332, 1336 (6th Cir.1983); Radio Union, 308 U.S. at 256.  Courts adopting the single employer approach have emphasized that a broad interpretation should be given to the employer and employee provisions of Title VII to effect its remedial purpose. Armbruster, 711 F.2d at 1336.  As one court observed, "the critical question is, 'What entity made the final decisions regarding employment matters related to the person claiming discrimination?'" Lockard v. Pizza Hut, Inc., 162 F.3d 1062, 1070 (10th Cir. 1998)(quoting Trevino v. Celanese Corp., 701 F.2d 397, 404 (5th Cir. 1983).

In Lockard, as in this case, the undisputed facts established that the franchisor did not participate in the hiring, promotion, retention, discipline or discharge decisions of franchisee employers, compelling the court to conclude that the franchisor was not an employer for discrimination purposes.  162 F.3d at 1071; see also Matthews v. Int'l House of Pancakes, Inc., 597 F.Supp.2d 663, 671 (E.D. La. 2009)(franchisor could not be liable as an employer under Title VII where franchisee was solely responsible for the day-to-day operations and the management of personnel).

In Swallows v. Barnes & Noble Bookstores, Inc., 128 F.3d 990 (6th Cir. 1997), employees of a bookstore operated by an

7

independent contractor Barnes & Noble Bookstores, Inc. ("B&N") at Tennessee Technology University ("TTU") sued alleging that their terminations violated the Age Discrimination in Employment Act and the Americans with Disabilities Act. Pursuant to the agreement between B&N and TTU, B&N was to act as an independent contractor responsible for the operation and management of the bookstore. Id. at 991. Plaintiffs settled with B&N and attempted to hold TTU liable as an employer based on the theories that TTU and B&N should be considered a single employer and under agency principles. Id. at 991-993. The court found that there was no evidence that TTU controlled the decision to fire employees or make other final decisions with regard to employment and thus could not be held liable under either of the plaintiffs' positions. Id. at 995-996.

In the instant case, Reese does not assert that Dunkin' Brands, Inc. is her employer, nor has she provided any evidence that would impose liability on Defendant for the franchisee's actions. As there is no genuine issue as to any material fact, Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is GRANTED, and the case is DISMISSED.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should she seek to do so. The Sixth Circuit Court of Appeals requires that district courts in this Circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal is frivolous. Floyd v. United States Postal Serv., 105 F.3d 274, 277 (6th Cir. 1997).

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal <u>in forma pauperis</u> must obtain pauper status under Fed. R. App. P. 24(a). <u>See</u> <u>Callihan v. Schneider</u>, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed <u>in forma pauperis</u> in the district court, she may also proceed on appeal <u>in forma pauperis</u> without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed <u>in forma pauperis</u> in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue. <u>Id.</u> at 445-46.  The same considerations that lead the Court to dismiss this case compels the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal <u>in forma pauperis</u>. Leave to proceed on appeal <u>in forma pauperis</u> is, therefore, DENIED. If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed <u>in</u> forma <u>pauperis</u> and supporting affidavit

in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 26th day of June, 2009.

                                      s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE